U.S. DISTRICT COURT
N.D. OF N.Y.
RECEIVED

NOV 2 3 2005

LAWRENCE K. BAERMAN, CLERK
ALBANY

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
IN THE MATTER OF THE COMPLAINT

of

CATHY G. BARBER., as owner of the
Vessel M/V PAPA BEAR for Exoneration
from or Limitation of Liability,

Petitioner.

CV  05 -CV- 1464
     FJS /RFT

ORDER RESTRAINING SUITS,
APPROVING PETITIONER'S
SECURITY, DIRECTING ISSUE
OF NOTICE AND THE FILING
OF CLAIMS

A Verified Complaint having been filed herein on November 23, 2005, by the above-named Petitioner as the owner of vessel M/V PAPA BEAR bearing Hull Identification Number SGE22183D797 (hereinafter the "vessel"), for Exoneration from or Limitation of Liability, pursuant to 46 U.S.C. §§ 183-185, 189, Admiralty Extension Act, 46 U.S.C. § 740, and Rule F of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure concerning any alleged loss, damage, or personal injury arising out of a marine boating accident, which occurred on June 11, 2005, when the vessel, owned by Petitioner and operated upon the waters of Lake George, ran aground. The accident is alleged to have occurred in the County of Warren, State of New York, as more fully described in the Verified Complaint;

AND the Verified Complaint having stated that the value of the Petitioner's interest in the vessel did not exceed the sum of $1,000.00 on the date of the accident;

AND the Petitioner has filed with the Court an *Ad Interim* Security dated November 11,

2005, for the benefit of any and all claimants, with surety, equal to the amount or value of Petitioner's interest in the said vessel, with interest at six percent (6%) per annum from the date hereof, executed by Boat Owners Association of the United States as Marine Managers for the vessel insurer, The Continental Casualty Company.

NOW, on motion of attorneys for Petitioner, it is hereby:

**ORDERED** that the above-described *Ad Interim* Security in the sum of $1,000.00 with interest as aforesaid, filed by Petitioner for the benefit of any claimant as security for the Petitioner's interest in the vessel, be and is **hereby approved**, and

**IT IS FURTHER ORDERED** that the Court, only upon motion and good cause shown, shall cause appraisement of the value of the vessel and may thereupon order said security increased or reduced if it finds the amount thereof insufficient or excessive, and

**IT IS FURTHER ORDERED** that any Claimant in these proceedings may express, only upon good cause shown and by written notice filed with the Court and served upon all parties of record, its dissatisfaction with The Continental Casualty Company as surety. In this event, Petitioner shall within thirty (30) days of the entry of an order by the Court concerning the surety, cause security to be posted in the form provided by Supplemental Rule F(1) of the Federal Rules of Civil Procedure and satisfactory to this Court failing which the injunction entered concurrently herewith will be vacated as to all Claimants, and the Court will make such further orders as the justice of the cause may require, and

**IT IS FURTHER ORDERED** that a **Notice shall be issued by the Clerk of this Court** to all persons asserting claims or suits with respect to which the Complaint seeks Exoneration from or Limitation of Liability admonishing them to file their respective claims with the Clerk of this Court, in writing, and to serve on the attorneys for the Petitioner a copy thereof,

**ON OR BEFORE THE** 20th **DAY OF** January 2006, or be defaulted; and that if any Claimant desires to contest either the right to Exoneration from or the right to Limitation of Liability, such Claimant shall file and serve on the attorneys for the Petitioner Johnson S. Albright II, Esq., BURKE, ALBRIGHT, HARTER & READY, LLP, 1800 Hudson Avenue, Rochester, New York 14617, an Answer to the Complaint on or before the said date, unless the claim has included an Answer to the Complaint, so designated, or be defaulted, and

**IT IS FURTHER ORDERED** that Petitioner shall publish the aforesaid **Notice** ~~shall be published~~ in *Albany Times-Union*, a newspaper with a general circulation including Warren County, New York, once a week for four (4) weeks before the return date of said Notice, as provided by the aforesaid Supplemental Admiralty Rule "F" and copies of said Notice shall be mailed by Petitioner in accordance with the rule to every person known to have any claim against the vessel or Petitioner, or to his or her attorney, including, but not limited to, the individuals referred to in paragraph 5 of Petitioner's Verified Complaint for Exoneration from or Limitation of liability

**IT IS FURTHER ORDERED** that the further prosecution of any and all actions, suits and proceedings already commenced and the commencement or prosecution hereafter of any and all suits, actions, or proceedings of any nature and description whatsoever in any Court of any jurisdiction, or otherwise, against the vessel owner, and/or the vessel, and the taking of any steps and the making of any motion in such actions, suits or proceedings except in this action, to recover damages for or in respect to the aforesaid accident alleged in the Verified Complaint, be **and they hereby are restrained, stayed and enjoined** until the hearing and determination of this action, and all warrants of arrest and/or attachment issued or sought in such other suits, actions or legal proceedings be and the same are hereby dissolved and further warrants of arrest and/or attachment are hereby prohibited, and

**IT IS FURTHER ORDERED** that service of this Order as a Restraining Order be made through the Post Office by mailing a conformed copy hereof to the person or persons to be restrained, or to their respective attorneys.

Dated: Albany, New York
November 29, 2005

_____
U.S.D.J.